Matter of the Judicial Settlement of the Account of Proceedings of Union Trust Company of New York, as Trustee under the Will of Collis P. Huntington, Deceased, for the Benefit of Collis H. Sammis, his Widow and Remaindermen.

(Surrogate's Court, New York County, November, 1916.)

Wills — construction of —" out of the residue " does not make a bequest a residuary bequest where a " true residuary " clause follows.

A testator, after bequeathing a certain sum in trust by a clause in his will declaring " out of the residue of my estate then remaining," directed that a portion thereof, to-wit, the sum of $30,000, should be set aside as a separate trust estate, the net income to be applied to the use of a nephew of testator for life and upon his death to the use of his widow during her lifetime, and that upon the death of both of said beneficiaries the *corpus* of the said trust estate should be divided among and paid over to the issue of said nephew, then living. Held, that said legacy of $30,000 to the trustee was not a true residuary

Surrogate's Court, New York County, November, 1916. [Vol. 97.

legacy and that upon the death of said nephew and of his wife leaving no issue then surviving the *corpus* of said estate passed under a subsequent, and the true, residuary clause of the will to another nephew who survived testator.

PROCEEDING upon the judicial settlement of the account of Union Trust Company of New York, as trustee.

Miller, King, Lane & Trafford (Peter B. Olney, Jr., of counsel), for Union Trust Company, as accounting trustee.

Thompson & Van Woert, for respondents Florence E. Pardee *et al.*

Everest A. Judd, for administrator with the will annexed of Collis H. Sammis, deceased.

FOWLER, S. The construction of the will of Collis P. Huntington is essential to a decree for distribution in this court. It is contended by certain next of kin of testator that the 10th clause of the will is a residuary clause, and the familiar principle is invoked that on the failure of one of several residuary bequests it does not go to augment the shares of other residuary legatees, as there can be no residue of a residue. The principle is undoubted, but its application is here disputed.

The scheme of the will of Collis P. Huntington I conceive to be this: In its earlier paragraphs are certain specific legacies; then come the 9th and 10th paragraphs, as follows:

" *Ninth.* One-half part of all the rest, residue and remainder of the property and estate, real, personal and mixed, which at the time of my death shall belong

to me or be subject to my disposal by will, I give, devise and bequeath absolutely and in fee simple as follows: To my wife, Arabella D. Huntington, if she should survive me, but if she should not survive me, to my son, Archer Milton Huntington, or if neither the said Arabella D. Huntington nor the said Archer Milton Huntington should survive me, then to the lawful issue of said Archer Milton Huntington living at the time of my death in equal parts and shares *per stirpes* but not *per capita.*

" *Tenth.* Out of the residue of my estate then remaining, I give and bequeath to said Union Trust Company of New York the sum of two hundred and seventy thousand dollars ($270,000), to have and to hold the same to said trust company and its successors, as trustees, upon the following trusts, that is to say, to divide such sum into separate trust estates of the respective amounts hereinafter mentioned, and to set apart each of said separate trust estates for the benefit of the respective beneficiaries hereinafter mentioned, and to invest, reinvest and keep invested the said separate trust estates, and to receive the interest, dividends and other income arising therefrom, and after paying and retaining from the income of the said several trust estates all necessary taxes and other proper disbursements and charges incident to said trusts and trust estates respectively, to apply the net residue of such interest, dividends and other income, and pay, deliver over and transfer the capital of such several trust estates as follows, that is to say: The sum of fifty thousand dollars shall be set apart as a separate trust estate, the net income whereof shall be applied to the use of Harriet S. Huntington, widow of my deceased brother, Solon Huntington, during her lifetime, and upon the death of the said Harriet S. Huntington the capital of such trust estate shall be paid and delivered

over absolutely to her daughter, Caroline D. Huntington, now Caroline D. Holladay.

\*      \*      \*      \*      \*      \*      \*      \*      \*

"The sum of thirty thousand dollars shall be set apart as a separate trust estate, the net income whereof shall be applied to the use of my nephew Collis H. Sammis during his lifetime, and upon his death, to the use of his widow during her lifetime, and upon the death of both such beneficiaries the capital of such trust estate shall be paid over and divided to and among the issue of said Collis H. Sammis then living."

The residuary clause of the will is as follows:

"*Fourteenth.*   \*   \*   \*   All the rest, residue and remainder of the property and estate, real, personal and mixed, not hereinbefore devised or bequeathed, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath absolutely and in fee simple as follows: To my nephew Henry Edwards Huntington, if he should survive me, or in case he should not survive me, to his son Howard Huntington. In case neither the said Henry Edwards Huntington nor Howard Huntington should survive me, I give, devise and bequeath all such residue to my wife, Arabella D. Huntington, or if she should not survive me, to my son Archer Milton Huntington, or if neither said Arabella D. Huntington nor said Archer Milton Huntington should survive me, to the lawful issue of said Archer Milton Huntington living at the time of my death, in equal parts and shares *per stirpes*, but not *per capita.*"

The final disposition of the $30,000 set apart for the benefit of Collis H. Sammis and his widow is alone in controversy, as Mr. and Mrs. Sammis left no issue them surviving. Henry Edwards Huntington (mentioned in the 14th paragraph) survived the testator and is still living. The question for our consideration

here is whether Mr. Henry Edwards Huntington, so surviving, is entitled to receive the $30,000 limited on the lives of Mr. and Mrs. Sammis, or whether this sum passes to all the next of kin as an undisposed of remainder, or, more strictly, "reversion." The contention that the bequest in the 10th paragraph, for the benefit of Mr. and Mrs. Sammis, is a residuary bequest is not sound. The 10th paragraph of the will is obviously not a true residuary clause. It was that great judge, Jessel, who most ably contradistinguished "true residuary clauses" from those only nominally such. The use of the words "out of the residue of my estate" does not make the 10th paragraph a "true residuary clause." Here the testator used in the 9th and 10th paragraphs the term "residue" when he meant "remainder" or "balance." The legacy to the Union Trust Company on trusts declared by the will resembles a demonstrative legacy, rather than a true residuary clause.

In the classification of legacies we need look only at the legal title. The fact that it is a bequest to a trustee is immaterial. A demonstrative legacy to a trustee, or to one not a trustee, is a legacy payable out of a demonstrated fund in contradistinction from a legacy payable out of an estate generally. These common-law distinctions but point to the still older distinctions of legacies of species or of a class (*speciei et generis*). There is no mystery, but often some confusion, in the modern classification of legacies, at least, when the scheme of the classification is not clearly comprehended. It was, in the development of our law of legacies, first argued that any demonstration of a fund made a legacy specific, but it was ultimately held to the contrary, and, for example, that general legacies do not become specific because payable out of the proceeds of real estate. *Page* v. *Leaping-*

*well*, 19 Vesey, 463.   Thereafter we begin to hear more about demonstrative legacies in the arbitrary schemes of classification.   The growth of the classification is particular.   Formerly a residuary devise, for example, was classed as a specific devise, and if imperfect the land passed to the heir, as lapsed devises did not fall into the residuary in this state until the Revised Statutes.   But we need not go into the learning on this head, as it is somewhat historical and arbitrary, and without tracing the genesis of modern doctrines at great length, and with technical precision the learning *in abstracto* does not tend to clarify discussions.   Nor do the usual citations of isolated cases, so often to prove contraries, nor the imperfect deductions therefrom, prove helpful except for the ending of reasonable discussion.   Principle is the great thing in legal administration, and when the principle is clear citations are quite unnecessary.   In the very rare instances where adjudications are *res judicata* it may be otherwise.   But in the construction of wills *res judicata* rarely occurs, unless the language is the same.

My conclusion is that the legacy to the Union Trust Company is not a true residuary legacy, and that under the "true residuary clause," numbered "fourteenth" in the will, Mr. Henry Edwards Huntington is entitled to receive $30,000 limited on the lives of Mr. and Mrs. Sammis, and passing under such residuary clause to him.   Costs taxed and decree signed.

Decreed accordingly.